**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Shemar Roberts,<br>Plaintiff,<br><br>-v-<br><br>Airway Cleaners, LLC,<br><br>Defendant. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Shemar Roberts ("Plaintiff" or "Roberts"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant s Airway Cleaners, LLC ("Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the applicable regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and unlawful wage deductions, wages due under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff alleges that he was employed by Defendant and pursuant to the Family and Medical Leave Act ("FMLA") 29 USC § 2601 et seq., Defendant violated the FMLA, including 29 U.S.C § 2614, § 2615, when it terminated/discharged Plaintiff's employment with them in retaliation/discrimination because Plaintiff exercised his rights and engaged in protected activity under the FMLA. Plaintiff seeks the recovery of lost income including back pay and front pay/reinstatement, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorneys' fees and costs, pursuant to 29 USC § 2617. 2.

5. Plaintiff alleges that he was employed by Defendant and pursuant to the New York City Earned Safe and Sick Time Act ("ESSTA"), at New York City, N.Y., Code § 20-924. Defendant violated the ESSTA, including New York City, N.Y., Code § 20-924, when it terminated/discharged and failed to reinstate Plaintiff's employment with it as required by the ESSTA, in retaliation/discrimination because Plaintiff exercised his rights and engaged in protected activity under the ESSTA – including requesting and taking ESSTA-protected leave. Plaintiff seeks the recovery of lost income including back pay and front pay/reinstatement, lost benefits, other losses and damages caused, interest, maximum liquidated damages, as well as attorneys' fees and costs, pursuant to New York City, N.Y., Code § 20-924.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b) and the FMLA at 29 USC § 2617.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

9. At all times relevant herein, Plaintiff Shemar Roberts ("Plaintiff" or "Roberts") was an adult, over eighteen years old, who resides in Queens County in the State of New York.

10. At all times relevant herein, Defendant Airway Cleaners, LLC ("ACL") was a New York limited liability company with a principal place of business located at JFK Airport in Queens County New York, where Plaintiff was also employed.

11. At all times relevant herein, Defendant ACL controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

12. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendant was in the airline and related services business.

14. Upon information and belief, and at all relevant times herein, Defendant employed over about 75 employees.

15. Plaintiff was employed by Defendant from on or about August 13, 2024 to on or about June 26, 2026.

16. At all times relevant herein, Defendant employed Plaintiff as a ramp agent, etc. throughout his workday with Defendant.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and his last hourly rate of pay was about $22.50 an hour.

18. At all times relevant herein, Plaintiff worked about 50 or more hours each week; 5 days each

week for Defendant - with the exception of 2-3 weeks each year.

19. At all times relevant herein, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during his employment with Defendant - with the exception of about 2-3 weeks each year, which he seeks to recover with this action and for which he was not paid any wages. At all times relevant herein, Plaintiff either did not receive a "meal" break or was not completely relieved from duty during "meal" breaks, if any, because he was always subject to interruption during "meal" breaks if any and was actually interrupted to perform his regular physical work during any "meal" breaks because of the nature and demands of the job as required by Defendant. See i.e. *Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 116 (2d Cir. 2023).

20. In addition, Plaintiff was required to pay for expenses incurred in the use of his cellphone, etc. However, Defendant failed to reimburse Plaintiff for these costs and expenses incurred in Defendant's work - Defendant failed to reimburse Plaintiff for about at least $20 to $25 or more each week which constitutes an unlawful deduction under the FLSA and NYLL including NYLL § 193, and also resulted in an underpayment of wages and overtime wages each week under the FLSA and NYLL.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

22. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week during his employment with Defendant.

23. At all times relevant herein, Defendant failed to provide Plaintiff with the required notice at

the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendant and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

24. At all times relevant herein, Defendant failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented him from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

25. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

26. At all times relevant herein, Defendant's failure to provide Plaintiff with the required wage notices and wage statements, Defendant forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendant carried out their legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

27. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

28. Upon information and belief and at all times relevant herein, Defendant conducted business

with vendors/entities/persons within the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

30. After providing Defendant with prior notice, Plaintiff underwent serious back surgery on June 17, 2026, that rendered him incapacitated and completely unable to work for at least seven days. On or about June 24, 2026, Plaintiff was able to return to work on light duty and informed Defendant of such, but Defendant required full duty – and Defendant terminated Plaintiff as a result of his inability to perform full duty – instead of processing and granting Plaintiff FMLA leave that would have allowed Plaintiff to continue his recovery at home instead of trying to perform full duties at work for which he was not ready and as Defendant knew. Plaintiff qualified for the FMLA protected leave and notified Defendant of the need for FMLA protected leave for the surgery and recovery.

31. As such, Plaintiff's termination by Defendant violated the FMLA and was therefore unlawful – Defendant failed to process and grant Plaintiff FMLA leave to which he was entitled, and terminated him as a result.

32. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

33. At all times relevant herein, Defendant as a regular part of its business, made payment of taxes and other monies to agencies and entities outside the State of New York.

34. At all times relevant herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

35. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

36. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

37. "Plaintiff" as used in this complaint refers to the named Plaintiff.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

41. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

42. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

43. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

44. Plaintiff is entitled to recover from Defendant his unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

47. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

48. Plaintiff is entitled to recover from Defendant his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages**

49. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendant, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendant, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

53. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

54. Plaintiff is entitled to recover from Defendant his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**AS AND FOR A FOURTH CAUSE OF ACTION**

**FMLA RETALIATION/DISCRIMINATION - 29 U.S.C § 2617**

55. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 58 above as if set forth fully and at length herein.

56. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FMLA, 29 USC § 2601 et Seq., and the regulations thereunder.

57. At all times relevant herein, Defendant was a covered person or entity within the meaning of the FMLA, 29 USC § 2601 et Seq.

58. Defendant discharged/terminated Plaintiff, in retaliation/discrimination and in violation of the FMLA including 29 USC § 2615 for engaging in protected activity as laid out above such as exercising his FMLA rights by requesting and taking FMLA leave.

59. Plaintiff is entitled to recover from Defendant under the FMLA including 29 USC § 2617 all his damages recoverable under the FMLA, including his loss of income such as back pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**RETALIATION/DISCRIMINATION - N.Y.C. Admin. Code § 20–924**

60. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 59 above as if set forth fully and at length herein.

61. At all times relevant herein, Plaintiff was employed by Defendant, within the meaning of the ESSTA - New York City, N.Y., Code § 20-924.

62. At all times relevant herein, Defendant was a covered person, employer, corporation, associations or entities within the meaning of ESSTA - New York City, N.Y., Code § 20-924.

63. Defendant discharged/terminated Plaintiff, in retaliation/discrimination and in violation of the ESSTA including New York City, N.Y., Code § 20-924 for engaging in protected activity as laid out above such as exercising his ESSTA rights by requesting and taking ESSTA leave.

**Relief Demanded**

64. Defendant's violations of New York City, N.Y., Code § 20-924, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all his damages including his lost wages, such as back pay and front pay/reinstatement, lost benefits and remuneration, emotional distress damages, punitive damages, plus attorneys' fees, disbursement and costs of the action, including pursuant to New York City, N.Y., Code § 20-924.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

65. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

66. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

67. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

68. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid overtime wages, wage deductions, due under law, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

69. As to the **Fourth Cause of Action**, award Plaintiff pursuant to FMLA including 29 USC § 2617 all his damages recoverable under the FMLA, including his loss of income such as back pay and front pay/reinstatement, other losses and damages caused, interest, maximum liquidated damages, costs and attorneys' fees.

70. As to the **Fifth Cause of Action,** award Plaintiff all damages available under ESSTA, including his lost wages, such as back pay and front pay/reinstatement, lost benefits and remuneration, emotional distress damages, punitive damages, plus attorneys' fees, disbursement and costs of the action, including pursuant to New York City, N.Y., Code § 20-924.

71. Award Plaintiff prejudgment interest on all monies due.

72. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

73. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**August 31, 2026**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan ____________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com